| B104<br>(Rev.<br>2/92) | **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | ADVERSARY PROCEEDING<br>(Court Use Only) |
|---|---|---|

**PLAINTIFFS**

Cadleway Properties, Inc.
100 North Center Street
Newton Falls, Ohio 44444

**DEFENDANTS**

Rick D. Lawrence

**ATTORNEYS** (Firm Name, Address, and Telephone No.)

Mr. Mark Kerstein
Buck, Keenan, Gage, Little & Lindley, L.L.P.
700 Louisiana, Suite 5100

**ATTORNEYS** (If Known)

Mr. Keavin David McDonald
Wilshire, Scott & Dyer, P.C.
1221 McKinney

**PARTY** (Check one box only)    ☐ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    ☐ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Cadleway Properties, Inc, brings this adversary proceeding seeking judgment that Debtor Rick D. Lawrence should be denied discharge and that the Court determine the rights to certain assets on which Cadleway has a lien pursuant to a note and financing agreement which underlie a judgment; pursuant to 11 USC Sections 727 (a)(2)(A); 727(a)(2)(B); 727(a)(4)(C); 727(a)(3); 727(a)(4)(A); and 727(a)(4)(D).

**NATURE OF SUIT**
(Check the one most appropriate box only.)

☐ 454 To Recover Money or Property

☐ 435 To Determine Validity, Priority, Extent of a Lien or Other Interest in Property

☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property

☑ 424 To object or to revoke a discharge 11 U.S.C. § 727

☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan

☐ 426 To determine the dischargeability of a debt 11 U.S.C. § 523

☐ 434 To obtain an injunction or other equitable relief

☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan

☐ 456 To obtain a declaratory judgment relating to any of the foregoing causes of action

☐ 459 To determine a claim or cause of action removed to a bankruptcy court

☐ 498 Other (specify)

**ORIGIN OF PROCEEDINGS**
(Check one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed Proceeding    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another Bankruptcy Court    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

| **DEMAND** | NEAREST THOUSAND<br>100 | OTHER RELIEF SOUGHT | ☑ JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR<br>Rick D. Lawrence | BANKRUPTCY CASE NO.<br>05-32975-7 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>Southern District | DIVISIONAL OFFICE<br>Houston Division | NAME OF JUDGE<br>Judge Jeff Bohm |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE**    (Check one box only.)    ☑ FEE ATTACHED    ☐ FEE NOT REQUIRED    ☐ FEE IS DEFERRED

| DATE<br>5-9-05 | PRINT NAME<br>Mark A. Kerstein | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: RICK D. LAWRENCE | § | CAUSE NO. 05-32975-7 |
| Debtor | § | |
| | § | |

| | | |
|---|---|---|
| CADLEWAY PROPERTIES, INC. | § | ADVERSARY NO. _____ |
| | § | |
| V. | § | |
| | § | |
| RICK D. LAWRENCE, | § | |
| XXTREME PIPE SERVICES, LLC, | § | |
| XXTREME TRUCKING, LLC, AND | § | |
| XXTREME PIPE STORAGE, LLC. | § | |

## COMPLAINT OBJECTING TO THE DISCHARGE OF DEBTOR
## AND FOR DECLARATORY JUDGMENT REGARDING CERTAIN ASSETS

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Plaintiff, Cadleway Properties, Inc., by and through its attorney of record, Mark A. Kerstein,

of Buck, Keenan, Gage, Little & Lindley, L.L.P., 700 Louisiana, Suite 5100, Houston, Texas 77002,

files this Complaint Objecting to the Discharge of Debtor and for Declaratory Judgment Regarding

Certain Assets, as follows:

### SUMMARY

A.    Cadleway Properties, Inc. ("Cadleway") brings this adversary proceeding seeking

judgment that Debtor Rick D. Lawrence ("Lawrence") should be denied discharge and that the Court

determine the rights to certain assets on which Cadleway has a lien pursuant to a note and financing agreement which underlie a Judgment.

## PARTIES

1.      Cadleway Properties, Inc. is an Texas corporation that is a Judgment Creditor of the Defendant.

2.      Defendant, Rick D. Lawrence, is an individual residing in Harris County, Texas, and may be served with process through his attorney of record Mr. Keavin David McDonald, of Wilshire, Scott & Dyer, P.C., 1221 McKinney, Suite 3000, Houston, Texas 77010.

3.      Xxtreme Pipe Services, LLC may be served with process through their registered agent Mr. Jim Elzner, 7814 Miller Road, No. 3, Houston, Texas 77043.

4.      Xxtreme Trucking, LLC may be served with process through their registered agent Mr. Jim Elzner, 7814 Miller Road, No. 3, Houston, Texas 77043.

5.      Xxtreme Pipe Storage, LLC may be served with process through their registered agent Mr. Jim Elzner, 7814 Miller Road, No. 3, Houston, Texas 77043.

6.      Xxtreme Pipe Services, LLC, Xxtreme Trucking, LLC, and Xxtreme Pipe Storage, LLC, are necessary parties to this adversary proceeding to pursuant to Federal Bankruptcy Rule 7019(a).

## VENUE AND JURISDICTION

7.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334.

8.      Venue is proceeding pursuant to 28 U.S.C. § 1408 and 1409.

COMPLAINT OBJECTING TO THE
DISCHARGE OF DEBTOR AND FOR
DECLARATORY JUDGMENT                                    2
REGARDING CERTAIN ASSETS

9.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).


## FACTS

10.      Plaintiff is a Judgment Creditor of Debtor Rick D. Lawrence ("Lawrence").   On December 7, 2004, Cadleway obtained judgment in the amount of approximately $1,400,000 against Debtor Rick D. Lawrence, John P. Boylan, and five entities known as Five Star Transportation, L.P., Birdwell Pipe, L.P., Birdwell GP, L.L.C., Birdwell Partners, and American Pipe Inspection Company I, Ltd.

11.      On or about February 28, 2005, Lawrence filed his Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

12.      Lawrence states in his schedules that he has a twenty-eight (28%) ownership interest in Five Star Transportation, L.P., Birdwell Pipe, L.P., Birdwell GP, L.L.C., Birdwell Partners, and American Pipe Inspection Company I, Ltd. (collectively hereinafter identified as Lawrence's "Prior Companies").   Lawrence has testified that his Prior Companies ceased operations in October or November, 2003.

13.      On or about September 5, 2003, Ricky Lawrence and Associates was issued ten Membership Interests Units ("MIU") in Xxtreme Pipe Services, L.L.C.   Pursuant to the deposition testimony of Jimmy Dan Elzner, the manager of, and a partner in, Xxtreme Pipe Services, L.L.C., taken on July 8, 2004, Lawrence does own ten percent (10%) of Xxtreme Pipe Services, L.L.C.   In addition, on or about April 22, 2004, and effective September 5, 2003, Lawrence entered into an

Option to Purchase whereby Xxtreme Pipe Services, L.L.C. has the right to purchase Lawrence's ten

percent (10%) ownership in Xxtreme Pipe Services, L.L.C. for $250,000. Jimmy Dan Elzner has

further testified that Lawrence is Ricky Lawrence and Associates. Lawrence has not disclosed his

ownership interest in Xxtreme Pipe Services, L.L.C in any of the schedules filed in his bankruptcy

case.

14.     During his Rule 2004 Examination, Lawrence testified that he believed that

approximately $200,000 in outstanding receivables were still owed to the Debtor's Prior Companies.

Lawrence testified that no attempt had been made to collect any of this money. Lawrence has valued

his twenty-eight percent ownership interest in the Prior Companies at zero ($00.00) in his schedules.

Collection of this money would impact the value of Lawrence's ownership interest in the Prior

Companies. In addition, Cadleway has a lien on these receivables pursuant to the note and financing

agreements which the underlie the Judgment identified above. On information and belief, Cadleway

believes that, upon completion of discovery, the evidence will show that some if not all of the

$200,000 in receivables owed to the Prior Companies has been collected by Xxtreme Pipe Services,

LLC, Xxtreme Trucking, LLC, and Xxtreme Pipe Storage, LLC.

15.     On or about October 1, 2003, an Agreement to Purchase Assets was executed by and

between American Pipe Inspection Company I, Ltd. and Xxtreme Pipe Services, L.L.C. Under the

terms of this Agreement, certain assets of American Pipe Inspection Company I, Ltd. were

transferred to Xxtreme Pipe Services, L.L.C. This was done after Lawrence's ownership interest

in Xxtreme Pipe was established, and these assets were transferred without the consent of Cadelway

COMPLAINT OBJECTING TO THE
DISCHARGE OF DEBTOR AND FOR
DECLARATORY JUDGMENT
REGARDING CERTAIN ASSETS                                        4

which pursuant to the various financing agreements underlying the Judgment has a lien on these assets.

## CAUSES OF ACTION

16.     Cadleway believes that the evidence supports, or upon completion of discovery will support, the following causes of action:

## FIRST CAUSE OF ACTION

17.     Cadleway requests that the Court deny discharge to Defendant Lawrence pursuant to 11 U.S.C. Section 727(a)(2)(A) because Lawrence, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, concealed property of the Debtor within one (1) year before the date of filing of the petition, to wit: Debtor's ownership interest in Xxtreme Pipe Services, LLC.

## SECOND CAUSE OF ACTION

18.     Cadleway requests that the Court deny discharge to Defendant Lawrence pursuant to 11 U.S.C. Section 727(a)(2)(A) because Lawrence, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, concealed property of the Debtor within one (1) year before the date of filing of the petition, to wit: the $200,000 in receivables belonging to Debtor's Prior Companies.

## THIRD CAUSE OF ACTION

19.     Cadleway requests that the Court deny discharge to Defendant Lawrence pursuant to 11 U.S.C. Section 727(a)(2)(A) because Lawrence, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, concealed property of the

Debtor within one (1) year before the date of filing of the petition, to wit: certain assets belonging to Debtor's Prior Companies.

### FOURTH CAUSE OF ACTION

20.     Cadleway requests that the Court deny discharge to Defendant Lawrence pursuant to 11 U.S.C. Section 727(a)(2)(A) because Lawrence, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, transferred property of the Debtor within one (1) year before the date of filing of the petition, to wit: Debtor's ownership interest in Xxtreme Pipe Services, LLC.

### FIFTH CAUSE OF ACTION

21.     Cadleway requests that the Court deny discharge to Defendant Lawrence pursuant to 11 U.S.C. Section 727(a)(2)(A) because Lawrence, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, transferred property of the Debtor within one (1) year before the date of filing of the petition, to wit: the $200,000 in receivables belonging to Debtor's Prior Companies.

### SIXTH CAUSE OF ACTION

22.     Cadleway requests that the Court deny discharge to Defendant Lawrence pursuant to 11 U.S.C. Section 727(a)(2)(A) because Lawrence, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, transferred property of the Debtor within one (1) year before the date of filing of the petition, to wit: certain assets belonging to Debtor's Prior Companies.

## SEVENTH CAUSE OF ACTION

23.     Cadleway requests that the Court deny discharge to Defendant Lawrence pursuant to 11 U.S.C. Section 727(a)(2)(A) because Lawrence, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, permitted to be transferred property of the Debtor within one (1) year before the date of filing of the petition, to wit: Debtor's ownership interest in Xxtreme Pipe Services, LLC.

## EIGHTH CAUSE OF ACTION

24.     Cadleway requests that the Court deny discharge to Defendant Lawrence pursuant to 11 U.S.C. Section 727(a)(2)(A) because Lawrence, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, permitted to be transferred property of the Debtor within one (1) year before the date of filing of the petition, to wit: the $200,000 in receivables belonging to Debtor's Prior Companies.

## NINTH CAUSE OF ACTION

25.     Cadleway requests that the Court deny discharge to Defendant Lawrence pursuant to 11 U.S.C. Section 727(a)(2)(A) because Lawrence, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, permitted to be transferred property of the Debtor within one (1) year before the date of filing of the petition, to wit: certain assets belonging to Debtor's Prior Companies.

## TENTH CAUSE OF ACTION

26.     Cadleway requests that the Court deny discharge to Defendant Lawrence pursuant to 11 U.S.C. Section 727(a)(2)(A) because Lawrence, with intent to hinder, delay, or defraud a creditor

COMPLAINT OBJECTING TO THE
DISCHARGE OF DEBTOR AND FOR
DECLARATORY JUDGMENT
REGARDING CERTAIN ASSETS                                    7

or an officer of the estate charged with custody of property under this title, permitted to be concealed property of the Debtor within one (1) year before the date of filing of the petition, to wit: Debtor's ownership interest in Xxtreme Pipe Services, LLC.

### ELEVENTH CAUSE OF ACTION

27.     Cadleway requests that the Court deny discharge to Defendant Lawrence pursuant to 11 U.S.C. Section 727(a)(2)(A) because Lawrence, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, permitted to be concealed property of the Debtor within one (1) year before the date of filing of the petition, to wit: the $200,000 in receivables belonging to Debtor's Prior Companies.

### TWELFTH CAUSE OF ACTION

28.     Cadleway requests that the Court deny discharge to Defendant Lawrence pursuant to 11 U.S.C. Section 727(a)(2)(A) because Lawrence, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, permitted to be concealed property of the Debtor within one (1) year before the date of filing of the petition, to wit: certain assets belonging to Debtor's Prior Companies.

### THIRTEENTH CAUSE OF ACTION

29.     Cadleway requests that the Court deny discharge to Defendant Lawrence pursuant to 11 U.S.C. Section 727(a)(2)(B) because Lawrence, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, transferred property of the estate after the date of filing of the petition, to wit: Debtor's ownership interest in Xxtreme Pipe Services, LLC.

## FOURTEENTH CAUSE OF ACTION

30.     Cadleway requests that the Court deny discharge to Defendant Lawrence pursuant to 11 U.S.C. Section 727(a)(2)(B) because Lawrence, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, transferred property of the estate after the date of filing of the petition, to wit: the $200,000 in receivables and other assets belonging to Debtor's Prior Companies.

## FIFTEENTH CAUSE ACTION

31.     Cadleway requests that the Court deny discharge to Defendant Lawrence pursuant to 11 U.S.C. Section 727(a)(2)(B) because Lawrence, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title,  transferred property of the estate after the date of filing of the petition, to wit: certain assets belonging to Debtor's Prior Companies.

## SIXTEENTH CAUSE OF ACTION

32.     Cadleway requests that the Court deny discharge to Defendant Lawrence pursuant to 11 U.S.C. Section 727(a)(2)(B) because Lawrence, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, concealed property of the estate after the date of filing of the petition, to wit: Debtor's ownership interest in Xxtreme Pipe Services, LLC.

## SEVENTEENTH CAUSE OF ACTION

33.     Cadleway requests that the Court deny discharge to Defendant Lawrence pursuant to 11 U.S.C. Section 727(a)(2)(B) because Lawrence, with intent to hinder, delay, or defraud a creditor

or an officer of the estate charged with custody of property under this title, concealed property of the estate after the date of filing of the petition, to wit: the $200,000 in receivables and other assets belonging to Debtor's Prior Companies.

## EIGHTEENTH CAUSE OF ACTION

34.     Cadleway requests that the Court deny discharge to Defendant Lawrence pursuant to 11 U.S.C. Section 727(a)(2)(B) because Lawrence, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, concealed property of the estate after the date of filing of the petition, to wit: certain assets belonging to Debtor's Prior Companies.

## NINETEENTH CAUSE OF ACTION

35.     Cadleway requests that the Court deny discharge to Defendant Lawrence pursuant to 11 U.S.C. Section 727(a)(2)(B) because Lawrence, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, permitted to be transferred property of the Debtor after the date of filing of the petition, to wit: Debtor's ownership interest in Xxtreme Pipe Services, LLC.

## TWENTIETH CAUSE OF ACTION

36.     Cadleway requests that the Court deny discharge to Defendant Lawrence pursuant to 11 U.S.C. Section 727(a)(2)(B) because Lawrence, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, permitted to be transferred property of the Debtor after the date of filing of the petition, to wit: the $200,000 in receivables belonging to Debtor's Prior Companies.

## TWENTY-FIRST CAUSE OF ACTION

37.    Cadleway requests that the Court deny discharge to Defendant Lawrence pursuant to 11 U.S.C. Section 727(a)(2)(B) because Lawrence, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, permitted to be transferred property of the Debtor after the date of filing of the petition, to wit: certain assets belonging to Debtor's Prior Companies.

## TWENTY-SECOND CAUSE OF ACTION

38.    Cadleway requests that the Court deny discharge to Defendant Lawrence pursuant to 11 U.S.C. Section 727(a)(2)(B) because Lawrence, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, permitted to be concealed property of the Debtor after the date of filing of the petition, to wit: Debtor's ownership interest in Xxtreme Pipe Services, LLC.

## TWENTY-THIRD CAUSE OF ACTION

39.    Cadleway requests that the Court deny discharge to Defendant Lawrence pursuant to 11 U.S.C. Section 727(a)(2)(B) because Lawrence, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, permitted to be concealed property of the Debtor after the date of filing of the petition, to wit: the $200,000 in receivables belonging to Debtor's Prior Companies.

## TWENTY-FOURTH CAUSE OF ACTION

40.    Cadleway requests that the Court deny discharge to Defendant Lawrence pursuant to 11 U.S.C. Section 727(a)(2)(B) because Lawrence, with intent to hinder, delay, or defraud a creditor

or an officer of the estate charged with custody of property under this title, permitted to be concealed property of the Debtor after the date of filing of the petition, to wit: certain assets belonging to Debtor's Prior Companies.

## TWENTY-FIFTH CAUSE OF ACTION

41.    Cadleway requests that the Court deny discharge to Defendant Lawrence pursuant to 11 U.S.C. Section 727(a)(4)(C) because Lawrence received property for forbearing to act, to wit: Lawrence received his ownership interest in Xxtreme Pipe Services, LLC. in forbearance of collecting the $200,000 in receivables owed to the Prior Companies.

## TWENTY-SIXTH CAUSE OF ACTION

42.    Cadleway requests that the Court deny discharge to Defendant Lawrence pursuant to 11 U.S.C. Section 727(a)(4)(C) because Lawrence received property for undertaking certain actions, to wit: Lawrence received his ownership interest in Xxtreme Pipe Services, LLC. for acting to transfer certain assets belonging to Debtor's Prior Companies to Xxtreme Pipe Services, LLC.

## TWENTY-SEVENTH CAUSE OF ACTION

43.    Cadleway requests that the Court deny discharge to Defendant Lawrence pursuant to 11 U.S.C. Section 727(a)(4)(C) because Lawrence received a promise of money for forbearing to act, to wit: Lawrence entered into the Option to Purchase agreement with Xxtreme Pipe Services, LLC. in forbearance of collecting the $200,000 in receivables owed to the Prior Companies.

## TWENTY-EIGHTH CAUSE OF ACTION

44.    Cadleway requests that the Court deny discharge to Defendant Lawrence pursuant to 11 U.S.C. Section 727(a)(4)(C) because Lawrence received the promise of money for undertaking

COMPLAINT OBJECTING TO THE
DISCHARGE OF DEBTOR AND FOR
DECLARATORY JUDGMENT
REGARDING CERTAIN ASSETS                    12

certain actions, to wit: Lawrence entered into the Option to Purchase agreement with Xxtreme Pipe Services, LLC. for acting to transfer certain assets belonging to Debtor's Prior Companies to Xxtreme Pipe Services, LLC.

## TWENTY-NINTH CAUSE OF ACTION

45.     Cadleway requests that the Court deny discharge to Defendant Lawrence pursuant to 11 U.S.C. Section 727(a)(3), because Lawrence has concealed, destroyed, or failed to keep or preserve recorded information, including books, documents, records, and papers, from which the Debtor's financial condition or business transactions might be ascertained.

## THIRTIETH CAUSE OF ACTION

46.     Cadleway requests that the Court deny discharge to Defendant Lawrence pursuant to 11 U.S.C. Section 727(a)(4)(A), because Lawrence knowingly and fraudulently, in or in connection with the case, made false oath or account.

## THIRTY-FIRST CAUSE OF ACTION

47.     Cadleway requests that the Court deny discharge to Defendant Lawrence pursuant to 11 U.S.C. Section 727(a)(4)(D), because Lawrence withheld form from an officer of the estate entitled to possession under this title, recorded information, including books, documents, records, and papers, relating to Debtor's property or financial affairs.

## THIRTY-SECOND CAUSE OF ACTION

48.     Cadleway further requests the Court to declare that Lawrence and Xxtreme Pipe Services, LLC, Xxtreme Trucking, LLC, and Xxtreme Pipe Storage, LLC diverted, in whole or in part, the $200,000 in receivables owed to the various Judgment debtors and that those receivables

are subject to the lien established by the financing agreements underlying the Judgment and, therefore, are the property of Cadleway.

### THIRTY-THIRD CAUSE OF ACTION

49.     Cadleway furthers requests that the Court determine the extent of its lien rights against the property and assets which were transferred from American Pipe Services Company I, Ltd. to Xxtreme Pipe Services, LLC pursuant to the Asset Purchase Agreement.

WHEREFORE, Plaintiff Cadleway Properties, Inc. requests that the Court deny Defendant Rick D. Lawrence discharge, that the ownership interest of Rick D. Lawrence in Xxtreme Pipe Services, LLC is subject to execution by Cadleway Properties, Inc., declare that the approximately $200,000 in receivables collected by Xxtreme Pipe Services, LLC, Xxtreme Trucking, LLC, and Xxtreme Pipe Storage, LLC is the property of Cadleway Properties, Inc., determine the lien rights of Cadleway Properties, Inc. in the assets transferred from American Pipe Services Company I, Ltd., and such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

Mark A. Kerstein
Texas Bar No. 24007477

COUNSEL FOR CADLEWAY PROPERTIES, INC.

OF COUNSEL:

Buck, Keenan, Gage, Little & Lindley, L.L.P.
700 Louisiana, Suite 5100
Houston, Texas 77002
(713) 225-4500
(713) 225-3719 (Fax)

COMPLAINT OBJECTING TO THE
DISCHARGE OF DEBTOR AND FOR
DECLARATORY JUDGMENT
REGARDING CERTAIN ASSETS

14

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Complaint Objecting to Discharge and for Declaratory Judgment as to the Ownership of Ceratin Assets was forwarded to the following counsel of record in this cause by first class mail on this _____ day of May, 2005.

| | | |
|---|---|---|
| Keavin David McDonald<br>Wilshire, Scott & Dyer, P.C.<br>1221 McKinney, Suite 3000<br>Houston, Texas 77010<br>Counsel for Debtor | William G. West<br>12345 Jones Road<br>Houston, Texas 77070<br>Trustee | US Trustee<br>Office of the US Trustee<br>515 Rusk Avenue<br>Suite 3516<br>Houston, Texas 77002 |
| Bankruptcy Section<br>Securities and Exchange<br>Commission<br>1801 California Street<br>Suite 1500<br>Denver, CO 80202 | Internal Revenue Service<br>Special Proc Staff<br>STOP 5022-HOU<br>1919 Smith Street<br>Houston, Texas 77002 | Attorney General of the<br>United States<br>Department of Justice<br>10th and Constitution Ave<br>N.W.<br>Washington, D.C. 20530 |
| Washington Mutual<br>8675 Spring Cypress Rd.<br>Spring, Texas 77379 | Xxtreme Pipe<br>7814 Miller Road<br>Houston, Texas 77049 | HSBC<br>1 HSBC Center<br>Buffalo, NY 14203 |
| South Trust Bank<br>1233 W. Loop South<br>Houston, Texas 77027 | | |

Mark A. Kerstein