IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RICK D. LAWRENCE | § | |
| DEBTOR(S) | § | CASE NO. 05-32975-H5-7 |
| | § | |
| CADLEWAY PROPERTIES, INC. | § | |
| PLAINTIFF(S) | § | ADVERSARY NO. 05-3342 |
| | § | |
| VS. | § | |
| | § | |
| RICK D. LAWRENCE, ET AL., | § | |
| DEFENDANT(S) | § | |

**MEMORANDUM OPINION
REGARDING CADLEWAY PROPERTIES, INC.'S
FIRST AMENDED COMPLAINT OBJECTING TO
THE DISCHARGE OF DEBTOR AND FOR
DECLARATORY JUDGMENT REGARDING CERTAIN ASSETS**

Before the Court is the first amended complaint of Cadleway Properties, Inc. objecting to

the discharge of debtor and for a declaratory judgment regarding certain assets. This Court has

jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding.

After a trial on the merits, the Court **ORDERS** that the objection of Cadleway to debtor's discharge

is **DENIED**.

I. Facts

On the date of bankruptcy, February 28, 2005, debtor owned 28 % of Birdwell Partners, a

Texas general partnership. In his bankruptcy schedules, debtor valued his interest in Birdwell at $0.

Birdwell Partners owns Five Star Transportation, a trucking company, American Pipe

Inspection, a pipe inspection company, and Birdwell Pipe, a pipe seller. In December 2002, debtor

was fired as manager of the Birdwell companies. In the fall of 2003, debtor became involved with the Birdwell companies anew when the companies began receiving demands from creditors concerning overdue bills. Debtor discovered that during his absence the company had become in financial disarray to the extent that it had issued $100,000 in checks and had no funds in its bank account to cover them. Debtor contributed $50,000 to cover some checks and began to investigate whether the companies' financial situation could be salvaged.

Debtor contacted Steve Turner to determine whether he would be interested in buying the assets of the Birdwell companies. Turner met with the Birdwell partners. As of August 27, 2003, the partners of Birdwell Partners agreed to sell 90% of Birdwell to a group owned by Steve Turner and Jim Elzner. Elzner and Turner reserved the right to purchase the remaining 10% of Birdwell for $500,000.00 within twenty four months, which represented the transportation company's assets, but decided against it when they determined that the company had no value. In August 2003, John Boylan owned 22 % of Birdwell partners and testified that he did not become aware of the agreement to sell the companies' assets until sometime in 2004. John Boylan resigned his positions as officer and director of Birdwell Partners and its affiliated companies effective August 21, 2003.

Turner formed Xxtreme Pipe Services LLC to purchase the assets of the Birdwell companies. Jim Elzner invested about $60,000 initially in Xxtreme Pipe Services and held a 40 % interest in the company. Elzner eventually invested a total of $390,000 in Xxtreme Pipe Services and two other companies in the business of storage and trucking in which he held 50% ownership interests.[1]

On October 1, 2003, American Pipe Inspection Company I, Ltd. sold its equipment to Xxtreme Pipe Services, LLC in exchange for the assumption by Xxtreme of American's debts to

---

[1]Elzner sold all of his interests in these companies in April 2005, for $440,000.

Comerica Bank in the amount of $426,252.03, and to South Trust Bank in the amount of $124,057.70, and of Five Star Transportation, L.P.'s debt to Rush Equipment Center in the amount of $74,672.11. The equipment was sold subject to liens securing the indebtednesses. By its terms, the sale did not include any accounts receivable.

In connection with the acquisition, Xxtreme Pipe Services, LLC issued a share certificate for ten membership units of Xxtreme Pipe Services LLC to Rick Lawrence and Associates. In addition, Xxtreme Pipe Services required debtor to execute, on behalf of Rick Lawrence and Associates, an agreement granting Xxtreme Pipe Services, LLC the option to repurchase the membership units issued to Rick Lawrence and Associates for a period of two years from the date of the agreement. The agreement provides that for purposes of the agreement the value of the shares issued to Rick Lawrence and Associates is $250,000. The option agreement was executed on April 22, 2004, with an effective date of September 5, 2003. Xxtreme Pipe Services LLC has not exercised the option to repurchase the shares and debtor has received no funds under the agreement.

Debtor testified, and the Court finds his testimony credible, that he was not involved in the preparation of the documents connected with the sale and believed that despite the issuance of the share certificate to Rick Lawrence and Associates, the shares were issued on behalf of Birdwell Partners and were an asset of Birdwell Partners. Debtor testified that he asked Turner why the share certificate was issued in the name of Rick Lawrence and Associates and Turner replied that Birdwell Partners was a mess financially with outstanding hot checks and that he did not want his company associated with Birdwell's name. Debtor never worked for Turner's company and had no involvement with it after the sale. Debtor told his partners about the name on the share certificate and that he nevertheless considered it an asset of Birdwell Partners. Debtor, his partners, and

Birdwell Partners have never received a tax statement from Xxtreme Pipe Services LLC concerning the ownership interest issued to Rick Lawrence and Associates in Xxtreme Pipe Services LLC.

Merrill Lynch Business Financial Services Inc. was a creditor of Five Star Transportation L.P. by virtue of a loan and security agreement dated November 7, 2001.  Under the terms of the loan and security agreement Merrill Lynch was granted a security interest in the accounts of Five Star Transportation, L.P.  Merrill Lynch endorsed the note to Cadleway Properties, Inc. in November 2004.  American Pipe Inspection Company I, Ltd., debtor, and John Boylan executed guaranties of the Merrill Lynch debt.  Cadleway Properties Inc. took judgment against debtor, Boylan, Birdwell Partners, and its affiliated companies on December 7, 2004, for the amount of approximately $1,400,000, in the 113th Judicial District Court of Harris County, Texas, Cause No. 2004-07144, styled Merrill Lynch Business Financial Services Inc. v. Five Star Transportation L.P., et al.  In connection with the state court lawsuit, the state court appointed a receiver with whom debtor cooperated by providing him information and to whom debtor turned over checks received from account debtors of the Birdwell companies.

## II. § 727(a)(2)

Cadleway objects to debtor's discharge under 11 U.S.C. § 727(a)(2).  Bankruptcy Code § 727(a)(2) provides as follows:

> (a) The court shall grant the debtor a discharge, unless--
>
> . . . .
>
> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed--
> (A) property of the debtor, within one year before the date of the filing of the petition; or
> (B) property of the estate, after the date of the filing of the petition;

11 U.S.C. § 727(a)(2).  Cadleway seeks denial of debtor's discharge under 11 U.S.C. § 727(a)(2)(A) for concealing or transferring within the year before his bankruptcy filing and under 11 U.S.C. § 727(a)(2)(B) for concealing or transferring after his filing the interest in Xxtreme Pipe Service LLC represented by the share certificate issued in the name of  Rick Lawrence and Associates and the option to purchase, as well as receivables owed to the Birdwell companies and other assets.

The Court finds that debtor did not conceal or transfer the interest in Xxtreme Pipe Service LLC with an intent to hinder, delay or defraud his creditors as required for a violation of 11 U.S.C. § 727(a)(2)(A) or (B) as debtor believed the interest in Xxtreme Pipe Service LLC  was an asset of the Birdwell Partners partnership and so informed his partners.  As to any  receivables owed to Birdwell, the Court finds that debtor turned over all Birdwell receivables in his possession and that he cooperated with the state court receiver in their collection.  The Court concludes that Cadleway has failed to prove that debtor violated 11 U.S.C. § 727(a)(2)(A) or (B).

### III.  §727(a)(4)(C)

Cadleway also seeks denial of debtor's discharge under 11 U.S.C. § 727(a)(4)(C). Bankruptcy Code § 727(a)(4)(C) provides as follows:

(a) The court shall grant the debtor a discharge, unless--

. . . .

(4) the debtor knowingly and fraudulently, in or in connection with the case--

. . . .

(C) gave, offered, received, or attempted to obtain money, property, or advantage, or a promise of money, property, or advantage, for acting or forbearing to act;

11 U.S.C. § 727(a)(4)(C).  Cadleway alleges that debtor received the ownership interest in Xxtreme and entered into the option to purchase with Xxtreme in exchange for forbearing to collect approximately $200,000 in Birdwell receivables and for transferring those receivables to Xxtreme.

The Court finds that the record is wholly devoid of any evidence that debtor transferred any Birdwell receivables in any amount to Xxtreme.  Moreover, the evidence shows and the Court finds that debtor transferred all checks for Birdwell receivables in his possession to the state court receiver. The Court concludes that Cadleway has failed to prove that debtor violated 11 U.S.C. § 727(a)(4)(C).

IV.  § 727(a)(4)(A)

Cadleway also seeks denial of debtor's discharge under 11 U.S.C. § 727(a)(4)(A). Bankruptcy Code § 727(a)(4)(A) provides as follows:

> (a) The court shall grant the debtor a discharge, unless--
> . . . .
> (4) the debtor knowingly and fraudulently, in or in connection with the case--
> (A) made a false oath or account;

11 U.S.C. § 727(a)(4)(A).  Cadleway alleges that debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account by failing to disclose in his bankruptcy schedules the ownership interest in Xxtreme, the option to purchase, and the transfer of approximately $200,000 in receivables and other assets to Xxtreme. The Court finds that debtor did not act knowingly and fraudulently in failing to schedule the interest in Xxtreme and the option to purchase.  The Court further finds that there is no evidence of any transfer of any Birdwell receivables to Xxtreme. The Court concludes that Cadleway has failed to prove that debtor violated 11 U.S.C. § 727(a)(4)(A).

V.  Declaratory Judgment

Cadleway seeks a declaration that debtor and Xxtreme Pipe Services, LLC, Xxtreme Trucking, LLC, and Xxtreme Pipe Storage, LLC diverted, in whole or in part, $200,000 in receivables and that those receivables are subject to Cadleway's lien. The Court finds that Cadleway

failed to prove any diversion of any receivables or the diversion of any receivables subject to a lien in favor of Cadleway.

Cadleway further seeks a determination of its lien rights against the property and assets which were transferred by debtor from American Pipe Services Company, Ltd. to Xxtreme Pipe Services, LLC.  The Court finds that Cadleway has proven no lien rights in any assets of American Pipe Services Company, Ltd. transferred to Xxtreme Pipe Services, LLC.

Based on the foregoing, it is

**ORDERED** that the objection of Cadleway Properties, Inc. to the discharge of the debtor is **DENIED;** it is further

**ORDERED** that debtor's discharge shall be issued forthwith.

Signed this __2 0__ day of ____Sep____, 2006 at Houston, Texas.

_____
KAREN K. BROWN
CHIEF UNITED STATES BANKRUPTCY JUDGE